### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS PUTMAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3527 |
| | § | |
| BRYAN COLLIER, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. He named as defendants Bryan Collier, Executive Director of the Texas Department of Criminal Justice; Kelly Strong, Senior Warden of the Ellis Unit; and Candy Montgomery, Captain at the Ellis Unit.

The defendants filed a motion to dismiss and served plaintiff a copy at his address of record on August 17, 2020. (Docket Entry No. 15.) The Court granted plaintiff an extension of time to file a response until December 1, 2020. To-date, plaintiff has not filed a response and the motion to dismiss is deemed uncontested.

Having considered the motion to dismiss, the pleadings, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

Plaintiff alleges in his complaint that he is a high security, closed-custody prisoner at the Ellis Unit who is not allowed to leave his cell without an official escort.  He claims that the defendants were deliberately indifferent to his serious medical needs by failing to provide him an escort on one or more occasions, causing him to miss medical appointments.  Plaintiff seeks monetary damages and injunctive relief.

The defendants seek dismissal of plaintiff's claims, premised on Eleventh Amendment immunity and Federal Rule of Civil Procedure 12(b)(6).

### *Legal Standards*

*Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A plaintiff's burden to demonstrate his entitlement to relief requires more than "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.  The plaintiff's complaint must plead sufficient factual allegations to raise a right to relief that is more than speculative.  *Twombly*, 550 U.S. at 555.

2

***Analysis***

*Eleventh Amendment Immunity*

To the extent plaintiff sues the defendants for monetary damages in their official capacities, the Eleventh Amendment precludes such claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

The defendants' motion to dismiss is GRANTED as to plaintiff's claims for monetary damages against them in their official capacities.

*Individual Capacity Claims*

To hold an individual liable under section 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional denial. Personal involvement in an alleged constitutional violation is an essential element of an individual capacity claim under section 1983, and a plaintiff must enunciate a set of facts that illustrate each defendant's participation in the alleged violation. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Further, the doctrines of *respondeat superior* or vicarious liability do not apply to section 1983 actions. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990) (finding defendants were properly dismissed because they were sued solely for their positions of authority at the prison unit).

In the instant case, plaintiff pleads no factual allegations against the defendants in their individual capacities sufficient to raise a viable section 1983 claim for relief. Indeed, the Court notes that plaintiff's statement of the facts makes no reference whatsoever to any

3

of the defendants.  To the contrary, plaintiff appears to contend that the defendants are liable

to him because they are in charge of Ellis Unit employees, which is insufficient to plead

individual capacity claims against them.

Defendants' motion to dismiss is GRANTED as to plaintiff's section 1983 claims

against the defendants in their individual capacities.  Plaintiff is GRANTED leave to file an

amended complaint repleading his deliberate indifference claims against the defendants in

their individual capacity.  The amended complaint must be filed on the standardized section

1983 complaint form for use by *pro se* state inmates, and be filed within THIRTY DAYS

from date of this order.  No additional claims may be pleaded and no new defendants may

be named.  If a compliant amended complaint is not timely filed, the Court will enter a final

order and judgment of dismissal.

*Injunctive Relief*

Plaintiff requests injunctive relief in the form of requiring "the Ellis Unit to provide

escorts to ensure that Close Custody inmates are able to receive medical treatment." (Docket

Entry No. 1, p. 4.)  The docket shows that plaintiff was transferred to the Polunsky Unit in

November 2019 and is no longer housed at the Ellis Unit.  Plaintiff's request for injunctive

relief as to medical appointment escorts at the Ellis Unit is moot, and he has no standing to

seek such relief on behalf of other prisoners at the Ellis Unit.  Moreover, plaintiff offers

nothing to suggest that his transfer back to the Ellis Unit is likely in the foreseeable future.

*See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

The defendants' motion to dismiss plaintiff's request for injunctive relief is GRANTED.

### *Conclusion*

The Court ORDERS as follows:

1.	The defendants' motion to dismiss (Docket Entry No. 15) is GRANTED.

2.	Plaintiff's claims for monetary damages against the defendants in their official capacities are DENIED WITH PREJUDICE.

3.	Plaintiff's claims for injunctive relief are DISMISSED AS MOOT.

4.	Plaintiff's claims for deliberate indifference against the defendants in their individual capacities are DISMISSED WITHOUT PREJUDICE.

5.	Plaintiff is GRANTED LEAVE to replead his deliberate indifference claims against the defendants in their individual capacities within THIRTY DAYS from date of this order.  If a compliant amended complaint is not timely filed, the Court will enter a final order and judgment of dismissal.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on March 19, 2021.

Gray H. Miller
Senior United States District Judge